**[J-59-2016] [MO: Todd, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

IN RE: ADOPTION OF: M.R.D. AND
T.M.D., MINOR CHILDREN

APPEAL OF: M.C., NATURAL FATHER

: No. 26 MAP 2016
:
: Appeal from the Order of the Superior
: Court dated December 8, 2015 at No.
: 1728 MDA 2013, affirming the Order of
: the Court of Common Pleas of
: Lycoming County, Orphans' Court
: Division, dated August 19, 2013 at No.
: 6365
:
ARGUED: May 10, 2016

**CONCURRING OPINION**

**JUSTICE TODD**                                                    **Decided: August 29, 2016**

The Majority Opinion, which I authored, holds that Grandfather may not, as a matter of law, adopt and co-parent his grandchildren with his daughter, as a prerequisite to the termination of Father's parental rights. Our decision is dictated by the Pennsylvania Adoption Act and, in particular, by the statutory requirement that, in order to terminate the other parent's parental rights, a petitioning parent must demonstrate that an adoption of his or her child is contemplated and relinquish his or her parental rights, unless the petitioning parent has a spouse or partner willing to adopt. I write separately, unconstrained by majority authorship, to express my views regarding the current formulation of this requirement.[1]

---

[1] As members of this Court have previously noted, special concurrences are "somewhat unusual, but not without precedent." Commonwealth v. King, 57 A.3d 607, 633 n.1 (Pa. 2012) (Saylor, J., specially concurring) (collecting cases).

It is clear that the relinquishment requirement for termination was designed to promote two-parent families. However, in the nearly 35 years since this requirement was enacted, the concept of family has evolved — and continues to evolve — in today's society, and there are situations where, in my view, it is unfair to require a single parent to have a spouse or partner as a prerequisite to seeking the termination of the rights of the child's other legal, but absent, parent. Indeed, there are many families comprised of only a parent and a child where the single parent is fully capable of raising and providing for his or her child, and where the absent parent provides no benefit to — or worse, is a dark cloud over — the child. While, of course, I am mindful of the legislature's policymaking role in this area, given that today's families are not necessarily the traditional nuclear families that were envisioned at the time our adoption laws were initially drafted, I urge the legislature, with continued focus on the best interests of our Commonwealth's children, to revisit the adoption and relinquishment requirements for termination of parental rights under the Act.